Good afternoon. I have two issues of review in this case. One is that the court, the district court earned in this application of copyright. Can you hit the button and raise it? Thank you. And then we'll hear you better. Okay. Again, I have two issues of review in this case. The first is that I contend that the district court earned in its application of law by using the more discerning observer test to determine similarities between my song and the defendant's song, both titled Made in America. In nitwaves, the court states, we expressly cabin the broad application of this standard, and our subsequent decision have emphasized that in applying this test, the court is not to dissect the works at issue. And that's what the district court did previously. Excuse me, could I ask one quick question? Yes, ma'am. The songs are titled a little bit differently. Aren't they Made in America and Made It in America? No, Your Honor. They are both titled Made in America. Though the defendants do not state Made in America, that's part of my contention. Though I do not own the title Made in America, they found a way to have the same theme. That's why they titled it Made in America. They never state Made in America. They say Made It in America, but yet they titled their song Made in America. Okay, thank you. Yes, ma'am. The district court also stated that though an uncopyrightable phrase may be quoted without fear of infringement, a copier may not quote or paraphrase the sequence of creative expressions that includes such a phrase. So the defendants said Sweet King Martin, I said Martin Luther King. Now, the district court said that they were stating King Martin as a king, but it's the same person. When you say Sweet King Martin, Martin Luther King is the same person, the same thing with Malcolm X. They said Sweet Brother Malcolm. And then they said Made in America, which is in the same order of my song. I contend that they heard my song and, you know, they copied and pasted and tried to move it around and say, you know, well, these things are unprotectable. I don't know if I'm a discerning observer of this kind of music. When I listen to the two songs, they sound really different. Yes, okay. Well, I'm not contending that the music is similar, but what I'm contending is that the theme, right, there were many songs that have. Can you copyright a theme? An intellectual property, you can't? You can't copyright that? I don't think you can copyright a theme or an idea. You can copyright a particular expression of an idea. So what the copyright law protects is expressions that are so close, but it's well settled that copyright doesn't protect an idea. And so if someone uses your idea, it's not a copyright infringement. Well, what about how the judge made an error in saying that the predominant theme of my song is the bridge? Well, I don't know. You don't know? Oh, well, let me continue. Thank you. Well, my second issue is that the themes are similar. And since you say I can't copyright a theme, then I guess I can't go on with that. I just want to say that there is a lot of circumstances due to what happened and that I came to the court to ask for due process because the circumstances and the events and the things that happened will show that they copied it and that they had previously admitted to copying people's songs on the streets and so forth. By just the district court just dismissing my song, then I really don't get my due process. I met Mike Dean. I was selling my CDs in SoHo, and he bought a CD. He always invited me up. I never wanted to go up. And then I got an email from someone stating that, you know, the songs are similar. I think it's a matter of opinion, but many people, 50-50, say that the songs sound similar, and some people say they don't. All right. Thank you. Thank you. Thank you, Your Honor. You can just sit right there. Thank you. I'll take the down one. Yes. May it please the court, my name is Eileen Farkas from Prior Cashman, and I represent the defendants of police. It's respectfully submitted, as Your Honor recognized, that all this court need do is listen to the two songs at issue and compare the lyrics side-by-side to see that no reasonable juror could find these two songs substantially similar. There's no dispute that a court can review the two works at issue? You all acknowledge that the appellant's CD was provided to at least some of the defendants and that they were familiar with it, is that right? Only for purposes of this motion. I mean, this motion is a motion to dismiss, so we're taking his allegations as true and going to the legal issue, which is that even if you assume all of his allegations are true and even if you assume copying for purposes of this motion only, then still no amount of discovery is going to change the lyrics of these two songs or the two songs themselves. And so the court can, in appropriate circumstances, determine substantial similarity as a matter of law. Should this case proceed past this stage, of course we will vigorously dispute any sort of copying. So the appropriate circumstances. Even if there was copying, you're saying there was no copyright infringement as a matter of law? Absolutely. And the appropriate circumstances to make that determination now exist. Those appropriate circumstances are when the similarity that is alleged concerns only non-copyrightable issues or where no reasonable juror would conclude substantial similarity. And you think you get a different result if you apply the discerning observer versus the observer, the ordinary reasonable observer test? I don't, because both tests would result in the conclusion that no substantial similarity exists here. I mean, we have plaintiff's concession both below and on appeal, and below he was represented by counsel, that the only lyrical similarities are that they both share a title, Made in America. Titles in and of themselves are not protectable, nor is the lyrical phrase Made in America. And they concede that. And then there are references to two historical figures, Martin Luther King and Malcolm X. They concede that they can't claim ownership of those names, clearly. They also seem to concede that he can't claim ownership over the theme of referencing historical Americans. And the more discerning observer test is routinely applied where the alleged similarities at issue are unprotectable elements. And while Mr. McDonald says that the court erred in applying that test, he hasn't provided any cases that apply a different test in circumstances such as these, nor has he identified a test that he would pass. And, in fact, the cases that he cites, including knit waves, recognize and apply this test. This is the test of the circuit. So what it comes down to is you have unprotectable themes about unprotectable names. It comes down to his claim that there's a selection and arrangement of these unprotectable elements, and that somehow rises to the level of protectable expression. But the selection of taking historical figures to reference American themes is certainly not something he can claim, and courts have held that that type of copyright protection is of necessity very thin. And the arrangement, these unprotectable elements were expressed differently, as he acknowledges. He referenced them by their given names, whereas my clients reference it as sweet King Martin, followed by a reference to his wife, sweet Queen Coretta, sweet Brother Malcolm, sweet Queen Betty. So they're expressed differently. They're interspersed with completely different lyrics. They're set to different music, and they have completely different meanings. He chooses to reference things like the Wild West, the atomic bomb, the soccer mom, the dress for the prom, whereas my clients in the hook choose to reference alongside with them their wives and biblical figures. His use of made in America is throughout his song. Ours is simply in the hook, and it's not made in America. It's we made it in America, which is not only a different phrase but has very different meaning once you read the lengthy verses that are sung by Kanye West and Jay-Z, which bring up completely other meanings in these songs, which are about their gritty beginnings, their humble beginnings, and how because of certain historical and biblical figures that inspired them, they were able to make it in America. The court has no further questions. Thank you. Mr. McDonald, good job. Good luck with you, and we will reserve decision. Thank you.